UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORTEZ DAUNDRE JONES,

           Plaintiff,

   v.

AMAZON, *et al.*,

           Defendants.

Case No. C23-1425-JNW

REPORT AND RECOMMENDATION

Plaintiff Cortez Daundre Jones, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application indicates he is not employed, has not received any money from any source in the past twelve months, has no cash on hand, no money in a checking or savings account, and has no monthly expenses. (*Id.* at 1-2.)

28 U.S.C. § 1915 provides the rights and obligations associated with IFP status, which exempts applicants from prepaying filing fees and costs in federal court. *See Floyd v. Lee*, 85 F. Supp. 3d 482, 492-93 (D.D.C. 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993)). The IFP statute requires applicants to "submi[t] an affidavit that includes a statement of all assets . . . [and that states] that the person is unable to pay . . . fees or give security therefor."

REPORT AND RECOMMENDATION - 1

1  *Id.* at 493 (citing 28 U.S.C. § 1915(a)(1)). But if the court determines "at any time" that "the

2  allegation of poverty is untrue," it "shall dismiss the case . . . ." *Id.* (citing § 1915(e)(2)(A)).

3      Here, the information provided in Plaintiff's IFP application is inconsistent with that

4  contained in numerous other IFP applications Plaintiff recently filed in this Court. *See e.g.*, *Jones*

5  *v. General Services Administration*, C23-1148-JCC, dkt. # 1 at 1-2 (reflecting salary of $35,000,

6  $324,000 from a business or other source and $32,000 in benefits received over the past twelve

7  months, $324,000 in stocks, and $4,000 in regular monthly expenses); *see also Jones v. Harrell*,

8  C23-1153-RSM, dkt. # 1 at 2 (collecting cases and finding Plaintiff submitted false IFP

9  applications because Plaintiff provides "no explanation for how he suddenly lost over $300,000

10 in assets or his annual salary of $35,000.00" between his submission of IFP applications).[1]

11 Furthermore, in indicating he has both no financial resources and no expenses, Plaintiff omits

12 information necessary to the Court's IFP determination. Plaintiff does not provide any

13 information on how he pays for food, shelter, and any other basic life necessities. Given these

14 circumstances, Plaintiff should not be authorized to proceed IFP.

15     After careful consideration of Plaintiff's IFP application, the governing law, and the

16 balance of the record, the Court recommends Plaintiff's IFP application (dkt. # 1) be DENIED

17 and that Plaintiff be directed to pay the applicable filing fee within **thirty (30) days** after entry of

18 the Court's Order adopting this Report and Recommendation. If Plaintiff fails to pay the fee, the

19 Clerk should close the file. A proposed Order accompanies this Report and Recommendation.

20     This Report and Recommendation is not an appealable order. Thus, a notice of appeal

21 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

22

23

---

[1] The Court additionally notes that since filing this case, a bar order has been entered against Plaintiff as a vexatious litigant in this Court. *Jones v. Kenzo et al.*, C23-1208, dkt. # 11 (W.D. Wash. Sept. 25, 2023).

REPORT AND RECOMMENDATION - 2

Honorable Jamal N. Whitehead acts on this Report and Recommendation. The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to Judge Whitehead.

Dated this 27th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3