UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES, | CASE NO. 2:23-cv-1425 |
| Plaintiff, | ORDER |
| v. | |
| AMAZON, JEFFREY PRESTON JORGENSON, ANDREW R JASSY, and ROHIT PRASAD, | |
| Defendants. | |

Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against Amazon, Jeffrey Preston Jorgensen, Andrew R. Jassy, and Rohit Prasad. Dkt. No. 1. Jones alleges "racketeering" and "plan of robbery." Dkt. No. 1-1 at 3, 5.

The Court has reviewed Jones's proposed complaint, his IFP application, and the other files on record and finds Jones's filings devoid of any factual or legal details demonstrating the basis for the Court's jurisdiction or any plausible claims for relief.

Addressing the jurisdictional issue first, the Court has an ongoing duty to ensure that it has jurisdiction over a plaintiff's claims. *Leem v. Bank of Am. Home*

ORDER - 1

*Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)).

Jones claims the Court has diversity jurisdiction. "[D]iversity jurisdiction—exists where an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Dermarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal citation omitted). "It requires complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* (internal citation omitted). Jones is a citizen of Washington. Dkt. No. 1-1 at 1. And he alleges that at least one of the Defendants, Amazon, is also a citizen of Washington. *Id.* at 4. Complete diversity therefore does not exist.

Jones also alleges federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Jones has not identified a basis for federal question jurisdiction. In fact, he has identified no federal statutes, federal treaties, or provisions of the United States Constitution at all.

Next, when considering IFP complaints, the Court must dismiss the action "at any time [if] the court determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)*; see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a

ORDER - 2

district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Jones's proposed complaint contains inadequate information to meet the *Twombly/Iqbal* pleading standard. Using the Court's *pro se* complaint template, which instructs would be plaintiffs to "[w]rite a short and plain statement of the claim," Jones alleges "Jeff Bezos & Andy Jassy caught w [sic] plans to rob Cortez Daundre Jones w/ Rohit Prasad Fanily." Dkt. No. 1-1 at 5. At the top of the template's page, Jones states "Andrew R Jassy & Jeff Bezos plan after using Seattle Police to rob Cortez Daundre Jones at a Seattle USPS. We have Jeff Bezos in connection to Kathleen Otoole hiding a robbery in connection to child abduction. Jeff Bezos connections to not get arrested for multiple robberies." *Id.*at 1. Jones asserts $100,000,000,000,000,000.00 as the amount in controversy. *Id.* at 5. These claims lack detail, and what specifics they include are frivolous and fantastical on their face.

ORDER - 3

Ordinarily, when a court dismisses a *pro se* plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.; see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). At last count, Jones has filed over 60 lawsuits in the District since August 2, 2023, which means he has filed more than one lawsuit a day for weeks. So many cases filed in such a short amount of time supports a finding that Jones is advancing claims without merit and that leave to amend would be futile.

Accordingly, the Court DENIES Jones's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

Dated this 25th day of October, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jamal N. Whitehead
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jamal N. Whitehead
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge